IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMANDA WILHELM, as Next Friend
of M.S. DOE, a minor,

      Plaintiff,

v.                                  Case No.
                                         Hon.

LIVONIA PUBLIC SCHOOLS, JAMES BAIRD,
ANDREA OQUIST, WAYNE-WESTLAND
COMMUNITY SCHOOLS, JOHN DIGNAN,
MATTHEW PROVOST and EMILY HAWTHORNE,
Jointly and Severally,

      Defendants.

_____

ROBERT J. LANTZY (P57013)
BUCKFIRE LAW FIRM
Attorneys for the Plaintiff
29000 Inkster Road, Suite 150
Southfield, MI  48034
Direct: (248) 234-9840
Fax: (248) 415-1528
robert@buckfirelaw.com
_____


## **<u>PLAINTIFF'S COMPLAINT</u>**

_____

*/s/ Robert J. Lantzy*

_____

Robert J. Lantzy (P57013)

_____

NOW COMES Plaintiff, AMANDA WILHELM, as Next Friend of M.S. DOE, a minor, by and through her attorneys, BUCKFIRE LAW FIRM, and for her Complaint against the above-named Defendants, states as follows:

**PARTIES, JURISDICTION AND VENUE**

1.      Plaintiff Amanda Wilhelm (hereinafter "Ms. Wilhelm") was at all times relevant to this cause of action a resident of Wayne County, Michigan.  She brings this action solely in a representative capacity as Next Friend of and on behalf of her minor daughter, M.S. Doe.

2.      Defendant Livonia Public Schools ("LPS") is and was at all times relevant to this cause of action a public school district incorporated under the laws of the State of Michigan and a Michigan municipal corporation with its principal place of business located in the County of Wayne, State of Michigan.

3.      Defendant LPS at all times relevant to this cause of action regularly received Federal monies for purposes of providing services to special needs students.

4.      Defendant Wayne-Westland Community Schools (hereinafter "WWCS") is and was at all times relevant to this cause of action a public school district incorporated under the laws of the State of Michigan and a Michigan

municipal corporation with its principal place of business located in the County of Wayne, State of Michigan.

5.     Defendant WWCS at all times relevant to this cause of action regularly received Federal monies for purposes of providing services to special needs students.

6.     Upon information and belief, Defendant James Baird (hereinafter "Baird") was at all times relevant to this cause of action a resident of Wayne County, Michigan and/or conducted business in Wayne County, Michigan.

7.     Defendant Baird was at all times relevant to this cause of action an employee of a public school district, acting as a public school district employee, and acting within the scope of his employment and under the color of state law.

8.     Upon information and belief, Defendant Andrea Oquist (hereinafter "Oquist") was at all times relevant to this cause of action a resident of Wayne County, Michigan and/or conducted business in Wayne County, Michigan.

9.     Defendant Oquist was at all times relevant to this cause of action an employee and/or administrator of a public school district, acting as a public school district employee and/or administrator, and acting within the scope of her employment and under the color of state law.

10.     Defendant Oquist at all times relevant to this cause of action was the Superintendent of LPS.

11.     Upon information and belief, Defendant John Dignan (hereinafter "Dignan") was at all times relevant to this cause of action a resident of Wayne County, Michigan and/or conducted business in Wayne County, Michigan.

12.     Defendant Dignan was at all times relevant to this cause of action an employee and/or administrator of a public school district, acting as a public school district employee and/or administrator, and acting within the scope of his employment and under the color of state law.

13.     Defendant Dignan at all times relevant to this cause of action was the Superintendent of WWCS.

14.     Upon information and belief, Defendant Matthew Provost (hereinafter "Provost") was at all times relevant to this cause of action a resident of Wayne County, Michigan and/or conducted business in Wayne County, Michigan.

15.     Defendant Provost was at all times relevant to this cause of action an employee and/or administrator of a public school district, acting as a public school district employee and/or administrator, and acting within the scope of his employment and under the color of state law.

16.     Defendant Provost was at all times relevant to this cause of action employed at WWCS as the co-principal of Marshall Upper Elementary School, which is a school within WWCS.

17.     Upon information and belief, Defendant Emily Hawthorne (hereinafter "Hawthorne") was at all time relevant to this cause of action a resident of Wayne County, Michigan and/or conducted business in Wayne County, Michigan.

18.     Defendant Hawthorne was at all times relevant to this cause of action an employee and/or administrator of a public school district, acting as a public school district employee and/or administrator, and acting within the scope of her employment and under the color of state law.

19.     Defendant Hawthorne was at all times relevant to this cause of action employed at WWCS as the co-principal of Marshall Upper Elementary School, which is a school within WWCS.

20.     This Court has jurisdiction over the claims set forth herein that arise out of federal law pursuant to 28 U.S.C. § 1331 and has supplemental jurisdiction over the claims set forth herein that arise out of state law pursuant to 28 U.S.C. § 1367.

21.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), as this cause of action arises out of occurrences that took place within this District, in the County of Wayne.

## COMMON ALLEGATIONS

22.     Plaintiff reasserts and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

00804898                                                  5

23.    At all times relevant to this cause of action M.S. Doe suffered from cerebral palsy and visual impairments and was enrolled in WWCS at Marshall Upper Elementary.

24.    At all times relevant to this cause of action, Defendant Baird was employed by LPS and pursuant to an agreement was contracted out to WWCS as a vision specialist at Marshall Upper Elementary to provide services and instruction to students with visual impairments, including M.S. Doe.

25.    Under M.S. Doe's Individualized Education Plan ("IEP"), she was approved for vision specialty services through Wayne Westland Community Schools/Livonia Public Schools Visual Impairment Program, which included orientation and mobility consultations with Defendant Baird.  She received services from Baird between the 2017 and 2019 school years.  M.S. received services approximately one time per week or more during this time period.

26.    Defendant Baird regularly conducted and provided M.S. Doe vision specialty services in a room at Marshall Upper Elementary.

27.    During the years 2017 through 2019 while M.S. Doe was receiving vision specialty services, Defendant Baird would play a game with M.S. Doe that he called the "sucker game" and involved oral sex and touching of genitals.  It involved the promise of a sucker.  M.S. Doe developed pink eye and thrush during this time.  M.S. Doe confided in her teacher during that time period but nothing was done.

28.     M.S. Doe just recently asked her mother if she remembered Mr. Jim and it was at that time that M.S. Doe told her mother what had happened with Defendant Baird.  M.S. Doe gave her statement to the police through "Kids Talk."

29.     In December of 2019, reports were filed with Garden City Public Schools (another school district in Wayne County) against Defendant Baird.  Garden City Public Schools promptly investigated the incidents, along with the Garden City Police Department, and it was determined by Garden City Public Schools that Defendant Baird would never again provide services to any Garden City Public School student.

30.     Garden City Public Schools informed LPS of their decision to disallow Defendant Baird to continue providing services to students at Garden City Public Schools.

31.     LPS did not terminate Defendant Baird upon being informed by Garden City Public Schools that it made the decision to disallow Defendant Baird to continue providing services to students at LPS and WWCS.

32.     LPS made no attempt to warn or advise WWCS, current and former students and their parents, including M.S. Doe, that allegations had surfaced of sexual abuse or other inappropriate conduct by Defendant Baird.

33.     Defendant Baird remains listed as an employee on the LPS webpage as of the date of this Complaint.

## COUNT I – EXCESSIVE FORCE
## VIOLATION OF CONSTITUTIONAL RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION PURSUANT TO 42 U.S.C. § 1983 – DEFENDANT BAIRD

34.    Plaintiff reasserts and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

35.    Defendant Baird was at all times relevant to this cause of action an employee of a public school, acting as a public-school employee, and acting within the scope of his employment and under the color of state law.

36.    At all times relevant to this cause of action, M.S. Doe was afforded the constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution to be free from the use of unnecessary, unreasonable, illegal, and excessive force.

37.    At all times relevant to this cause of action, Defendant Baird owed a duty to the public, but especially to M.S. Doe, to act in a lawful and reasonable manner, and to avoid the use of unnecessary, unreasonable, illegal and excessive force, in violation of M.S. Doe's constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution.

38.    Defendant Baird engaged in physical sexual abuse of M.S. Doe, which constituted unnecessary, unreasonable, illegal and excessive force, in violation of M.S. Doe's constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution, as well as violations of the criminal laws of the State

of Michigan and violations of the policies and procedures that were or should have been in effect at Defendant LPS and/or WWCS.

39.     Defendant Baird's conduct as described herein was objectively unreasonable and any reasonable governmental official in Defendant Baird's position at all times relevant to this cause of action would have known that the use of physical force and/or physical sexual abuse under the circumstances as they were presented to him was unnecessary, unreasonable, illegal and excessive and would have been under the same or similar conditions that existed and as alleged herein.

40.     The use of unnecessary, unreasonable, illegal and excessive force by Defendant Baird against M.S. Doe amounted to a violation of M.S. Doe's rights under the Fourth and Fourteenth Amendments of the United States Constitution, and those rights were clearly established at all times relevant to this cause of action, and which a reasonable person and governmental official in Defendant Baird's position would have known.

41.     Defendant Baird is not entitled to qualified immunity.

42.     As a direct and proximate result of Defendant Baird's use of excessive force and physical sexual abuse of M.S. Doe, M.S. Doe has suffered and will continue to suffer damages, both economic and non-economic, severe physical, psychological and emotional injuries, as well as serious impairment to her academic and social development, including, but not limited to, the following:

a.    Physical pain and suffering;

b.    Mental anguish;

c.    Fright and shock;

d.    Denial of social pleasure and enjoyments;

e.    Embarrassment, humiliation and mortification;

f.    Reasonable expenses of necessary medical care, treatment and services;

g.    Loss of earnings capacity; and

h.    Any and all injuries or damages that are learned through the course of discovery.

43.    Pursuant to 42 U.S.C. §§ 1983 and 1988, Defendants are liable to Plaintiff for all damages allowed under federal law.  To the extent that the damages allowable and/or recoverable under one or both of the statutes are deemed insufficient to fully compensate Plaintiff and/or to punish or deter Defendants, this Court should order and award additional damages to be allowed so as to satisfy any and all such inadequacies.

44.    The actions of Defendant Baird as described above were malicious, deliberate, intentional and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon M.S. Doe.  As a result of such intentional conduct, Plaintiff is entitled to punitive damages in an amount sufficient to punish Defendant Baird and to deter others from like conduct.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT II – SUBSTANTIVE DUE PROCESS
## VIOLATION OF CONSTITUTIONAL RIGHTS UNDER THE
## FOURTEENTH AMENDMENT OF THE UNITED STATES
## CONSTITUTION PURSUANT TO 42 U.S.C. § 1983 – DEFENDANT BAIRD

45.     Plaintiff reasserts and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

46.     Defendant Baird was at all times relevant to this cause of action an employee and/or administrator of a public school, was acting as a public-school employee and/or administrator, and was acting within the scope of his employment and under the color of state law.

47.     At all times relevant to this cause of action, M.S. Doe had the rights under the Due Process Clause under the Fourteenth Amendment of the United States Constitution not to be deprived of life without due process.

48.     At all times relevant to this cause of action, M.S. Doe was afforded the rights under the Due Process Clause under the Fourteenth Amendment of the United States Constitution to personal security and bodily integrity, including the right to be free from sexual abuse at the hands of a school employee and particularly when it is not administered for any pedagogical purpose.

49.     At all times relevant to this cause of action, M.S. Doe had the right under the Due Process Clause under the Fourteenth Amendment of the United States Constitution to be free from arbitrary government conduct that lacks all socially redeeming value.

50.     Defendant Baird engaged in physical sexual abuse of M.S. Doe, which constituted unnecessary, unreasonable, illegal and excessive force, in violation of M.S. Doe's rights under the Due Process Clause under the Fourteenth Amendment of the United States Constitution to personal security and bodily integrity, and to be free from state actions that deprive a person of life, liberty, or property without due process of law, as well as violations of the criminal laws of the State of Michigan and violations of the policies and procedures that were or should have been in effect at Defendant LPS and/or WWCS.

51.     Those rights were at all times relevant to this cause of action clearly established in that any reasonable governmental official in Defendant Baird's position would have known that such rights were being violated when Defendant Baird inflicted physical sexual abuse on M.S. Doe as alleged herein.

52.     The acts of physical and emotional abuse by Defendant Baird of M.S. Doe under all circumstances relevant to this cause of action caused injury so severe, was so disproportionate to the need presented, and was so inspired by malice or sadism rather than a mere careless or unwise excess of zeal that it amounted to a

brutal and inhumane abuse of official power that is literally shocking to the conscience.

53.     The acts of physical and emotional abuse by Defendant Baird of M.S. Doe under all circumstances relevant to this cause of action lacked any and all pedagogical purpose or justification and lacked any socially redeeming value.

54.     Defendant Baird when engaging in the conduct as set forth above had reasonable opportunity to deliberate various alternatives and did not face the need to make a hurried judgment.

55.     The acts of physical sexual abuse by Defendant Baird of M.S. Doe under all circumstances relevant to this cause of action amounts to deliberate indifference to the risk that M.S. Doe would suffer harm and M.S. Doe's health and safety of which Defendant Baird was specifically aware and disregarded.

56.     Defendant Baird's deliberate indifference under the circumstances relevant to this cause of action reflect a failure to even care about the health and safety of M.S. Doe and such deliberate indifference under such circumstances thus literally shocks the conscience.

57.     The use of unnecessary, unreasonable, illegal, and excessive force by Defendant Baird against Plaintiff amounted to a violation of M.S. Doe's rights under the Due Process Clause under the Fourteenth Amendment of the United States Constitution to personal security and bodily integrity, and to be free from state

actions that deprive a person of life, liberty, or property without due process of law, and those rights were clearly established at all times relevant to this cause of action, and which a reasonable person and governmental official in Defendant Baird's position would have known.

58.     Defendant Baird's conduct as described herein was objectively unreasonable and any reasonable governmental official in Defendant Baird's position at all times relevant to this cause of action would have known that the use of physical force and physical sexual abuse under the circumstances as they were presented to him was unnecessary, unreasonable, illegal and excessive under the same or similar conditions that existed as alleged herein.

59.     Defendant Baird is not entitled to qualified immunity.

60.     As a direct and proximate result of Defendant Baird's use of excessive force and physical sexual abuse of M.S. Doe, M.S. Doe has suffered and will continue to suffer damages, both economic and non-economic, severe physical, psychological and emotional injuries, as well as serious impairment to her academic and social development, including, but not limited to, the following:

      a.     Physical pain and suffering;

      b.     Mental anguish;

      c.     Fright and shock;

      d.     Denial of social pleasure and enjoyments;

e.      Embarrassment, humiliation and mortification;

f.      Reasonable expenses of necessary medical care, treatment and services;

g.      Loss of earnings capacity; and

h.      Any and all injuries or damages that are learned through the course of discovery.

61.      Pursuant to 42 U.S.C. §§ 1983 and 1988, Defendants are liable to Plaintiff for all damages allowed under federal law. To the extent that the damages allowable and/or recoverable under one or both of the statutes are deemed insufficient to fully compensate Plaintiff and/or to punish or deter Defendants, this Court should order and award additional damages to be allowed so as to satisfy any and all such inadequacies.

62.      The actions of Defendant Baird as described above were malicious, deliberate, intentional and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon M.S. Doe. As a result of such intentional conduct, Plaintiff is entitled to punitive damages in an amount sufficient to punish Defendant Baird and to deter others from like conduct.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

00804898

15

## COUNT III – EQUAL PROTECTION
## VIOLATION OF CONSTITUTIONAL RIGHTS UNDER THE
## FOURTEENTH AMENDMENT OF THE UNITED STATES
## CONSTITUTION PURSUANT TO 42 U.S.C. § 1983 – DEFENDANT BAIRD

63.     Plaintiff reasserts and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

64.     Defendant Baird was at all times relevant to this cause of action an employee of a public school, was acting as a public-school employee, and was acting within the scope of his employment and under the color of state law.

65.     The Equal Protection Clause of the United States Constitution prevents state actors from making distinctions that burden a fundamental right, target a suspect class, or intentionally treat one individual differently from others similarly situated without any rational basis.

66.     At all times relevant to this cause of action, M.S. Doe had the rights under the Fourteenth Amendment of the United States Constitution to equal protection under the law.

67.     M.S. Doe is considered a disabled individual and is therefore part of a protected class of individuals under the Equal Protection Clause of the United States Constitution.

68.     The Equal Protection Clause of the United States Constitution forbids a governmental actor from treating disabled individuals differently where those actions are not rationally related to some legitimate governmental purpose.

00804898                                   16

69.     Defendant Baird engaged in physical sexual abuse of M.S. Doe, which violated M.S. Doe's rights under the Equal Protection Clause of the United States Constitution in that such physical sexual abuse was not inflicted on young children in the LPS/WWCS districts who did not have disabilities.

70.     Defendant Baird's actions of treating M.S. Doe differently from similarly situated non-disabled students by inflicting physical sexual abuse on M.S. Doe when such physical sexual abuse was not inflicted on similarly situated non-disabled students was not rationally related to any legitimate governmental purpose.

71.     Defendant Baird's conduct as described herein was objectively unreasonable and any reasonable governmental official in Defendant Baird's position at all times relevant to this cause of action would have known that treating M.S. Doe differently than similarly situated non-disabled students where such treatment was not rationally related to any legitimate governmental purpose was a violation of M.S. Doe's constitutional rights under the Equal Protection Clause of the United States Constitution.

72.     Defendant Baird is not entitled to qualified immunity.

73.     As a direct and proximate result of Defendant Baird's violation of M.S. Doe's rights under the Equal Protection Clause of the United States Constitution, M.S. Doe has suffered and will continue to suffer damages, both economic and non-economic, severe physical, psychological and emotional injuries, as well as serious

impairment to her academic and social development, including, but not limited to, the following:

   a.   Physical pain and suffering;

   b.   Mental anguish;

   c.   Fright and shock;

   d.   Denial of social pleasure and enjoyments;

   e.   Embarrassment, humiliation and mortification;

   f.   Reasonable expenses of necessary medical care, treatment and services;

   g.   Loss of earnings capacity; and

   h.   Any and all injuries or damages that are learned through the course of discovery.

74.   Pursuant to 42 U.S.C. §§ 1983 and 1988, Defendants are liable to Plaintiff for all damages allowed under federal law.  To the extent that the damages allowable and/or recoverable under one or both of the statutes are deemed insufficient to fully compensate Plaintiff and/or to punish or deter Defendants, this Court should order and award additional damages to be allowed so as to satisfy any and all such inadequacies.

75.   The actions and/or deliberate indifference of Defendant Baird as described above were malicious, deliberate, intentional and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon

M.S. Doe.  As a result of such intentional conduct, Plaintiff is entitled to punitive damages in an amount sufficient to punish Defendant Baird and to deter others from like conduct.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

### COUNT IV – MUNICIPAL/SUPERVISORY LIABILITY PURSUANT TO 42 U.S.C. § 1983 – DEFENDANTS OQUIST, DIGNAN, PROVOST, HAWTHORNE, LPS AND WWCS

76.    Plaintiff reasserts and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

77.    Pursuant to 42 U.S.C. § 1983, as well as the Fourth and Fourteenth Amendments to the United States Constitution, Defendants Oquist, Dignan, Provost, Hawthorne, LPS and WWCS owed M.S. Doe certain duties to properly hire, supervise, monitor and train its employees so as not to violate the constitutional rights of students, and M.S. Doe in particular and as alleged throughout this Complaint, and to take proper measures to report, prevent or otherwise protect students such as M.S. Doe in the event that such violations may occur.

78.    Defendants Oquist, Dignan, Provost, Hawthorne, LPS and WWCS are liable pursuant to 42 U.S.C. § 1983, in that their policies, procedures, regulations

and customs, or that their failure to enact policies, procedures, regulations and customs caused and were the driving force behind the violation of M.S. Doe's constitutional rights as alleged throughout this Complaint.

79. Defendant Dignan was at all times relevant to this cause of action an employee and/or administrator of WWCS, was acting as an employee and/or administrator of WWCS, and was acting within the scope of his employment under the color of state law.

80. Defendant Dignan at all times relevant to this cause of action held a supervisory and administrative role and had decision-making authority at WWCS to enact policies, procedures, regulations, or customs regarding, but not limited to, the endangerment and abuse of students and/or children, and had final decision-making authority on matters that included, but were not limited to, training, hiring, retaining, staffing, investigating and/or disciplining employees and personnel.

81. Defendant Oquist was at all times relevant to this cause of action an employee and/or administrator of LPS, was acting as an employee and/or administrator of LPS, and was acting within the scope of her employment and under the color of state law.

82. Defendant Oquist at all times relevant to this cause of action held a supervisory and administrative role and had decision-making authority at LPS to enact policies, procedures, regulations, or customs regarding, but not limited to, the

endangerment and abuse of students and/or children, and had final decision-making authority on matters that included, but were not limited to, training, hiring, retaining, staffing, investigating and/or disciplining employees and personnel.

83.     Defendant Provost at all times relevant to this cause of action held a supervisory and administrative role and had decision-making authority at WWCS to enact policies, procedures, regulations, or customs regarding, but not limited to, the endangerment and abuse of students and/or children, and had final decision-making authority on matters that included, but were not limited to, training, hiring, retaining, staffing, investigating, and/or disciplining employees and personnel.

84.     Defendant Hawthorne at all times relevant to this cause of action held a supervisory and administrative role and had decision-making authority at WWCS to enact policies, procedures, regulations, or customs regarding, but not limited to, the endangerment and abuse of students and/or children, and had final decision-making authority on matters that included, but were not limited to, training, hiring, retaining, staffing, investigating, and/or disciplining employees and personnel.

85.     Defendants Dignan, Oquist, Provost, Hawthorne, LPS and WWCS at all times relevant to this cause of action had knowledge of Defendant Baird's propensities to provide services and instruction to minor students while he was alone and unsupervised and in an area that was closed off and not visible to other school personnel.

86.     Defendants Dignan, Oquist, Provost, Hawthorne, LPS and WWCS with such knowledge condoned, encouraged, or otherwise knowingly acquiesced such conduct which created substantial risks to M.S. Doe that resulted in, or was the driving force behind, the constitutional violations as alleged herein.

87.     Defendants Dignan, Oquist, Provost, Hawthorne, LPS and WWCS with such knowledge condoned, encouraged, or otherwise knowingly acquiesced such conduct and thus acted with deliberate indifference to the substantial risks that M.S. Doe would be sexually abused and would result in violation of M.S. Doe's constitutional rights as set forth throughout this Complaint.

88.     Defendants Dignan, Oquist, Provost, Hawthorne, LPS and WWCS were deliberately indifferent to M.S. Doe's constitutional and other rights by failing to promulgate a policy and failing to properly train personnel and employees to prevent the unconstitutional, unlawful and tortious mistreatment of the students, including M.S. Doe, as alleged throughout this Complaint.

89.     Defendants Dignan, Oquist, Provost, Hawthorne, LPS and WWCS were deliberately indifferent to M.S. Doe's constitutional and other rights by failing to supervise or otherwise take action to prevent the constitutional violations as alleged throughout this Complaint when Defendants Dignan, Oquist, Provost, Hawthorne, LPS and WWCS had knowledge that Defendant Baird did and would engage in conduct that created the substantial risks that M.S. Doe would be sexually

abused that would result in violation of M.S. Doe's constitutional rights as set forth throughout this Complaint.

90.     Defendants Dignan, Oquist, Provost, Hawthorne, LPS and WWCS through their policies, procedures, regulations, or customs, or lack thereof, breached their duties, which amounted to reckless and/or deliberate indifference toward the general public, and toward M.S. Doe specifically, in the following ways, including, but not limited to:

  a.   Failing to properly train its employees regarding the proper use of reasonable and necessary force under the circumstances presented;

  b.   Failing to enact or provide training on proper policies regarding the recognition of the risks that physical sexual abuse will occur;

  c.   Failing to enact or provide training on proper policies regarding allowing adults such as Defendant Baird to be alone and unsupervised with minor students such that those minor students were at an increased risk of harm;

  d.   Hiring and/or the retention of employees whose character and personality pose a potential danger to the public in general and M.S. Doe in particular;

  e.   Failure to adequately monitor the conduct and behavior of its employees in general, but specifically Defendant Baird, relative to the propensity to engage in the physical sexual abuse of children such that, despite written policies against such abuse, failure to sufficiently take action to prevent the occurrence of abuse of M.S. Doe has led to the formation of a custom that such abuse will be encouraged and tolerated;

f.    Failure to have proper policies, procedures and training to address the danger of using physical sexual abuse against individuals, including M.S. Doe;

g.    Failure to properly screen, supervise, discipline, transfer, counsel or otherwise control employees, including Defendant Baird, who are known, or should have been known, to engage in improper use of physical sexual abuse;

h.    Failure to supervise and/or train employees to prevent violation of students' Constitutional rights;

i.    Sanctioning the use of physical sexual abuse by failing to adequately discipline or terminate employees who are known to have violated the Constitutional rights of students on prior occasions, including, but not limited to, Defendant Baird;

j.    Having a custom, policy or practice of tolerating the violation of constitutional rights by employees;

k.    Ratifying the violation of constitutional rights by employees;

l.    Employing and retaining improperly trained employees and administrators;

m.    Enacting a policy, procedure, or custom of allowing employees, and Defendant Baird in particular, unsupervised access to children, and M.S. Doe in particular, in a closed-off or shuttered location; and

n.    Other acts and omissions which may be learned through the course of discovery.

91.    The failures and/or actions set forth above to take action to prevent the physical sexual abuse by Defendant Baird of M.S. Doe were a common pattern and practice among employees and personnel of deliberate indifference such that it constituted a policy or custom and those were followed and enforced by supervisors

and administrators, including, but not limited to, Defendants, LPS, WWCS, Dignan, Oquist, Provost and Hawthorne.

92.    The above-enumerated actions, failures and/or inactions constituted deliberate indifference to the danger of M.S. Doe's health, safety and violation of her constitutional rights by Defendant Baird, including, but not limited to, those alleged in this Complaint.

93.    As a direct and proximate result of the above-enumerated actions, failures and/or inactions, M.S. Doe has suffered and will continue to suffer damages, both economic and non-economic, severe physical, psychological, and emotional injuries, as well as serious impairment to her academic and social development, including, but not limited to, the following:

a.    Physical pain and suffering;

b.    Mental anguish;

c.    Fright and shock;

d.    Denial of social pleasure and enjoyments;

e.    Embarrassment, humiliation and mortification;

f.    Reasonable expenses of necessary medical care, treatment and services;

g.    Loss of earnings capacity; and

h.    Any and all injuries or damages that are learned through the course of discovery.

94.     Pursuant to 42 U.S.C. §§ 1983 and 1988, Defendants are liable to Plaintiff for all damages allowed under federal law.  To the extent that the damages allowable and/or recoverable under one or both of the statutes are deemed insufficient to fully compensate Plaintiff and/or to punish or deter Defendants, this Court should order and award additional damages to be allowed so as to satisfy any and all such inadequacies.

95.     The actions and/or deliberate indifference of Defendants as described above were malicious, deliberate, intentional and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon M.S. Doe.  As a result of such intentional conduct, Plaintiff is entitled to punitive damages in an amount sufficient to punish Defendants and to deter others from like conduct.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT V – GROSS NEGLIGENCE/WILLFUL AND WANTON MISCONDUCT – DEFENDANTS BAIRD, DIGNAN, OQUIST, PROVOST AND HAWTHORNE

96.     Plaintiff reasserts and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

97.     Defendant Baird owed M.S. Doe a duty to act in a reasonable manner and not in a grossly negligent manner, to act prudently and with reasonable care, and to avoid the use of unnecessary, unjustified, illegal and unreasonable, excessive physical sexual abuse.

98.     Defendant Baird was grossly negligent and acted so recklessly as to demonstrate a substantial lack of concern that injury would result, and/or acted in a unnecessary or willful or wanton manor toward M.S. Doe and was indifferent to physical and emotional sexual abuse inflicted on M.S. Doe and nevertheless maliciously carried out those acts, and thus breached the above duties in a number of ways.

99.     Defendant Baird's conduct, which amounted to gross negligence, was the proximate cause of M.S. Doe's injuries.

100.    Defendant Baird is not entitled to immunity under Michigan law.

101.    Defendants Dignan, Oquist, Provost and Hawthorne owed M.S. Doe a duty to act in a reasonable manner and not in a grossly negligent manner, to act prudently and with reasonable care, and to avoid engaging in conduct that created the substantial risks that M.S. Doe would be sexually abused.

102.    Defendants Dignan, Oquist, Provost and Hawthorne had knowledge that Defendant Baird did and would engage in conduct that created the substantial risks that M.S. Doe would be sexually abused.

103.   Defendants Dignan, Oquist, Provost and Hawthorne nevertheless allowed Defendant Baird to engage in conduct that created the substantial risks that M.S. Doe would be sexually abused.

104.   Defendants Dignan, Oquist, Provost and Hawthorne by doing so were grossly negligent and acted so recklessly as to demonstrate a substantial lack of concern that injury would result, and/or acted in a unnecessary or willful or wanton manor toward M.S. Doe and were indifferent to the substantial risks that physical and emotional sexual abuse would be inflicted on M.S. Doe and nevertheless maliciously carried out those acts.

105.   Defendants Dignan's, Oquist's, Provost's and Hawthorne's conduct in that regard, together or separately, were the proximate cause of damages to M.S. Doe in that it was forseeable that such conduct, together or separately, would result in child abuse of M.S. Doe by Defendant Baird.

106.   Defendants Dignan, Oquist, Provost and Hawthorne are not entitled to governmental immunity under Michigan law.

107.   As a and/or *the* direct and proximate result of Defendants' conduct, M.S. Doe has suffered and will continue to suffer damages, both economic and non-economic, severe physical, psychological, and emotional injuries, as well as serious impairment to her academic and social development, including, but not limited to, the following:

a.    Physical pain and suffering;

b.    Mental anguish;

c.    Fright and shock;

d.    Denial of social pleasure and enjoyments;

e.    Embarrassment, humiliation and mortification;

f.    Reasonable expenses of necessary medical care, treatment and services;

g.    Loss of earnings capacity; and

h.    Any and all injuries or damages that are learned through the course of discovery.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT VI – BATTERY – DEFENDANT BAIRD

108.   Plaintiff reasserts and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

109.   Defendant Baird's conduct, as set forth above, constituted a willful and harmful or offensive touch of M.S. Doe.

110.   Defendant Baird's conduct meets the elements of "criminal sexual conduct" as that term is defined under Michigan law, and in particular, Defendant

Baird engaged in sexual contact with M.S. Doe by committing an intentional touching of M.S. Doe's intimate parts and/or an intentional touching of the clothing covering the immediate area of Plaintiff's intimate parts and that intentional touching was done for the purpose of sexual arousal or gratification and/or done for a sexual purpose.

111.   Defendant Baird intended the act that caused the willful and harmful or offensive touching of M.S. Doe.

112.   Defendant Baird's conduct, as set forth above, was undertaken during the course of his employment and he was acting, or reasonably believed that he was acting, within the scope of his authority, was not undertaken in good faith but rather with malice, and was discretionary.

113.   Defendant Baird is not entitled to governmental immunity under Michigan law.

114.   As a and/or *the* direct and proximate result of Defendant Baird's conduct, M.S. Doe has suffered and will continue to suffer damages, both economic and non-economic, severe physical, psychological, and emotional injuries, as well as serious impairment to her academic and social development, including, but not limited to, the following:

a.      Physical pain and suffering;

b.      Mental anguish;

c.     Fright and shock;

d.     Denial of social pleasure and enjoyments;

e.     Embarrassment, humiliation and mortification;

f.     Reasonable expenses of necessary medical care, treatment and services;

g.     Loss of earnings capacity; and

h.     Any and all injuries or damages that are learned through the course of discovery.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT VII – ASSAULT – DEFENDANT BAIRD

115.   Plaintiff reasserts and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

116.   The surrounding circumstances of Defendant Baird's conduct created a well-founded apprehension in M.S. Doe of imminent harmful and offensive contact and injury.

117.   The surrounding circumstances of Defendant Baird's conduct created, from M.S. Doe's perspective and belief, an apparent present ability for Defendant Baird to accomplish harmful and offensive contact and injury.

118.   Defendant Baird's conduct, as set forth above, was undertaken during the course of his employment and he was acting, or reasonably believed that he was acting, within the scope of his authority, was not undertaken in good faith but rather with malice, and was discretionary.

119.   Defendant Baird is not entitled to governmental immunity under Michigan law.

120.   As a and/or *the* direct and proximate result of Defendant Baird's conduct, M.S. Doe has suffered and will continue to suffer damages, both economic and non-economic, severe physical, psychological, and emotional injuries, as well as serious impairment to her academic and social development, including, but not limited to, the following:

   a.   Physical pain and suffering;

   b.   Mental anguish;

   c.   Fright and shock;

   d.   Denial of social pleasure and enjoyments;

   e.   Embarrassment, humiliation and mortification;

   f.   Reasonable expenses of necessary medical care, treatment and services;

   g.   Loss of earnings capacity; and

   h.   Any and all injuries or damages that are learned through the course of discovery.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT VIII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – DEFENDANT BAIRD

121.   Plaintiff reasserts and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

122.   Defendant Baird's conduct, as set forth above, and in particular by inflicting physical and emotional sexual abuse on M.S. Doe, was intentional or reckless, extreme, outrageous and of such character as to be intolerable in a civilized society.

123.   Defendant Baird's conduct meets the elements of "criminal sexual conduct" as that term is defined under Michigan law, and in particular, Defendant Baird engaged in sexual contact with M.S. Doe by committing an intentional touching of M.S. Doe's intimate parts and/or an intentional touching of the clothing covering the immediate area of Plaintiff's intimate parts and that intentional touching was done for the purpose of sexual arousal or gratification and/or done for a sexual purpose.

124.   Defendant Baird's conduct was for an ulterior motive or purpose, including, but not limited to, to cause M.S. Doe to suffer severe emotional distress.

00804898

125.   Defendant Baird's conduct has caused and will continue to cause M.S. Doe to suffer severe emotional distress.

126.   Defendant Baird's conduct, as set forth above, was undertaken during the course of his employment and he was acting, or reasonably believed that he was acting, within the scope of his authority, was not undertaken in good faith but rather with malice, and was discretionary.

127.   Defendant Baird is not entitled to governmental immunity under Michigan law.

128.   As a and/or *the* direct and proximate result of Defendant Baird's conduct, M.S. Doe has suffered and will continue to suffer damages, both economic and non-economic, severe physical, psychological, and emotional injuries, as well as serious impairment to her academic and social development, including, but not limited to, the following:

      a.      Physical pain and suffering;

      b.      Mental anguish;

      c.      Fright and shock;

      d.      Denial of social pleasure and enjoyments;

      e.      Embarrassment, humiliation and mortification;

      f.      Reasonable expenses of necessary medical care, treatment and services;

      g.      Loss of earnings capacity; and

h.    Any and all injuries or damages that are learned through the course of discovery.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT IX – ELLIOTT-LARSEN CIVIL RIGHTS ACT (MCL 37.2101 *et seq.*) – DEFENDANTS LPS, WWCS AND BAIRD

129.   Plaintiff reasserts and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

130.   MCL 37.2102(1) sets forth that "[t]he opportunity to obtain employment, housing and other real estate, and the full and equal utilization of public accommodations, public service, and educational facilities without discrimination because of religion, race, color, national origin, age, sex, height, weight, familial status or marital status as prohibited by this act, is recognized and declared to be a civil right."

131.   Defendants LPS, WWCS and Baird are each a "person" as that term is defined under MCL 37.2103(g) and are therefore subject to the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.*

132.   Defendants LPS and WWCS are each a "political subdivision" as that term is defined under MCL 37.2103(h) and are therefore subject to the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.*

133.   Defendants LPS and WWCS are each a "place of public accommodation" as that term is defined under MCL 37.2301 and are therefore subject to the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.*

134.   MCL 37.2302 sets forth in relevant part that a "person shall not…deny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation or public service because of religion, race color, national origin, age, sex or marital status."

135.   Defendants LPS and WWCS are each an "educational institution" as that term is defined under MCL 37.2401 and are therefore subject to the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.*

136.   MCL 37.2402 sets forth that an "educational institution" shall not do any of the following:

(a)   Discriminate against an individual in the full utilization of or benefit from the institution, or the services, activities, or programs provided by the institution because of religion, race, color, national origin, or sex.

(b)   Exclude, expel, limit or otherwise discriminate against an individual seeking admission as a student

or an individual enrolled as a student in the terms, conditions, or privileges of the institution, because of religion, race, color, national origin, or sex.

137.  MCL 37.2103(i) sets forth as follows:

i)  Discrimination because of sex includes sexual harassment.  Sexual harassment means unwelcome sexual advances, requests for sexual favors and other verbal or physical conduct or communication of a sexual nature under the following conditions:

   i.  Submission to the conduct or communication is made a term or condition either explicitly or implicitly to obtain employment, public accommodations or public services, education or housing.

   ii.  Submission to or rejection of the conduct or communication by an individual is used as a factor in decisions affecting the individual's employment, public accommodations or public services, education or housing.

   iii.  The conduct or communication has the purpose or effect of substantially interfering with an individual's employment, public accommodations or public services, education, or housing, or creating an intimidating, hostile or offensive employment, public accommodations, public services, educational, or housing environment.

138.  Defendant Baird made unwelcome sexual advances and other verbal or physical conduct or communication of a sexual nature towards M.S. Doe under circumstances and conditions that submission to the conduct or communication was

made a term or condition either explicitly or implicitly for M.S. Doe to public accommodations, public services, and education, and in particular, whether she would receive visual impairment instruction.

139.   Defendant Baird made unwelcome sexual advances and other verbal or physical conduct or communication of a sexual nature towards M.S. Doe under circumstances and conditions that submission to or rejection of the conduct or communication by M.S. Doe was used as a factor in decisions affecting M.S. Doe's public accommodations, public services, and education, and in particular, whether she would receive visual impairment instruction.

140.   Defendant Baird made unwelcome sexual advances, requests for sexual favors and other verbal or physical conduct or communication of a sexual nature towards M.S. Doe under circumstances and conditions that the conduct or communication had the purpose or effect of substantially interfering with M.S. Doe's public accommodations, public services, and education and created an intimidating, hostile and offensive public accommodation, public services and education environment.

141.   Defendant Baird made unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct or communication of a sexual nature towards M.S. Doe and M.S. Doe under circumstances and conditions that the conduct or communication had the purpose or effect of denying M.S. Doe the full

and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation or public service because of sex.

142.   Defendant Baird's conduct by engaging in physical sexual abuse of M.S. Doe constituted sexual harassment as that term is defined under MCL 37.2103(i) and was therefore discrimination "because of sex."

143.   Defendant Baird is liable under the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq* for the violations set forth above.

144.   Defendants LPS and WWCS, as set forth above, are subject to liability under the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq*.

145.   Defendants, Baird, LPS and WWCS are not entitled to governmental immunity under Michigan law for the violation of the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.*

146.   As a direct and proximate result of the violation of the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq,* as set forth above, M.S. Doe has suffered and will continue to suffer damages, both economic and non-economic, severe physical, psychological, and emotional injuries, as well as serious impairment to her academic and social development, including, but not limited to, the following:

      a.     Physical pain and suffering;

      b.     Mental anguish;

    c.     Fright and shock;

    d.     Denial of social pleasure and enjoyments;

    e.     Embarrassment, humiliation and mortification;

    f.     Reasonable expenses of necessary medical care, treatment and services;

    g.     Loss of earnings capacity; and

    h.     Any and all injuries or damages that are learned through the course of discovery.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT X – FAILURE TO REPORT CHILD ABUSE – DEFENDANTS BAIRD, DIGNAN, OQUIST, PROVOST AND HAWTHORNE

147.   Plaintiff reasserts and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

148.   The Michigan Child Protection Law ("CPL") imposes a duty on certain individuals to report suspected "child abuse" or "child neglect" and assigns civil liability for failure to fulfill that duty.

149.   MCL § 722.623(1)(a) sets forth, in relevant part, as follows:

    1.     An individual is required to report under this act as follows:

     a.     A…social worker, licensed master's social worker, licensed bachelor's social worker, registered social service technician, social service technician, a person employed in a professional capacity in any office of the friend of the court, school administrator, school counselor or teacher …who has reasonable cause to suspect child abuse or child neglect shall make an immediate report to centralized intake by telephone, or, if available, through the online reporting system, of the suspected child abuse or child neglect. Within 72 hours after making an oral report by telephone to centralized intake, the reporting person shall file a written report as required in this act.

150. "Child abuse" is defined under MCL § 722.622(g) as "harm or threatened harm to a child's health or welfare that occurs through nonaccidental physical or mental injury, sexual abuse, sexual exploitation, or maltreatment, by a parent, legal guardian, or any other person responsible for the child's health or welfare or by a teacher, a teacher's aide, or a member of the clergy."

151. "Central registry" as referenced in MCL § 722.623(1)(a) is defined under MCL § 722.622(c) as "the system maintained at the department that is used to keep a record of all reports filed with the department under this act in which relevant and accurate evidence of child abuse or child neglect is found to exist."

152. The "department" as referenced in MCL § 722.622(c) is defined under MCL § 722.622(q) as "the department of human services."

153.   MCL § 722.633(1) provides that "[a] person who is required by this act to report an instance of suspected child abuse or neglect and who fails to do so is civilly liable for the damages proximately caused by the failure."

154.   Defendants Baird, Dignan, Oquist, Provost and Hawthorne are each required under the CPL to report child abuse as set forth under MCL § 722.623(1)(a).

155.   Defendant Baird's conduct by inflicting physical and emotional sexual abuse on M.S. Doe constituted child abuse of M.S. Doe as that term is defined under MCL § 722.622(g).

156.   Defendants Baird, Dignan, Oquist, Provost and Hawthorne each had reasonable cause to suspect that M.S. doe had been subjected to child abuse as that term is defined under MCL § 722.622(g).

157.   Defendants Baird, Dignan, Oquist, Provost and Hawthorne each failed to report child abuse of M.S. Doe of which they had reasonable cause to suspect.

158.   M.S. Doe suffered damages that were proximately caused by the failure of Defendants Baird, Dignan, Oquist, Provost and Hawthorne to report child abuse of M.S. Doe of which those Defendants had reasonable cause to suspect.

159.   Defendants Baird's Dignan's, Oquist's, Provost's and Hawthorne's failure to report child abuse of M.S. Doe, together or separately, was the proximate cause of the damages that were suffered by M.S. Doe for such failures in that it was

foreseeable that such failures, together or separately, would result in continued child abuse of M.S. Doe.

160.   As a and/or *the* direct and proximate result of Defendants Baird's, Dignan's, Oquist's, Provost's and Hawthorne's failure to report child abuse of M.S. Doe, as set forth above, M.S. Doe has suffered and will continue to suffer damages, both economic and non-economic, severe physical, psychological, and emotional injuries, as well as serious impairment to her academic and social development, including, but not limited to, the following:

a.   Physical pain and suffering;

b.   Mental anguish;

c.   Fright and shock;

d.   Denial of social pleasure and enjoyments;

e.   Embarrassment, humiliation and mortification;

f.   Reasonable expenses of necessary medical care, treatment and services;

g.   Loss of earnings capacity; and

h.   Any and all injuries or damages that are learned through the course of discovery.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, in an amount in

excess of $75,000.00, plus costs, interest and attorney fees, as well as punitive and/or

exemplary damages so wrongfully incurred, as the Court deems just.

Respectfully submitted,

By: /s/ ROBERT J. LANTZY_____
**ROBERT J. LANTZY (P57013)**
BUCKFIRE LAW FIRM
Attorney for Plaintiff(s)
29000 Inkster Rd., Suite 150
Southfield, Michigan 48034
Direct (248) 234-9840
Fax (248) 415-1528
robert@buckfirelaw.com

DATED:  April 15, 2022.